```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
WILLIAM JACKSON,                :
                                :
         Plaintiff,             :  Civ. No. 19-18755 (NLH) (JS)
                                :
    v.                          :  OPINION
                                :
COUNTY OF CUMBERLAND, et al.,   :
                                :
         Defendants.            :
_____:
```

APPEARANCES:

Randy P. Catalano, Esq.
Catalano Law
401 Kings Highway South
Suite 4A
Cherry Hill, NJ 08034

    Attorneys for Plaintiff

Daniel Edward Rybeck, Esq.
Weir & Partners LLP
20 Brace Road
Suite 200
Cherry Hill, NJ 08034

    Attorneys for Defendants Cumberland County, Cumberland County Jail, and Richard Smith

HILLMAN, District Judge

    Defendants Cumberland County, Cumberland County Jail, and Richard Smith move to dismiss Plaintiff William Jackson's complaint. ECF No. 50. For the following reasons, the motion to dismiss will be granted.

I. BACKGROUND

Plaintiff was an inmate in the Cumberland County Jail in February 2018. ECF No. 1 ¶ 11. He was placed into a holding cell on February 8. Id. ¶ 12. Plaintiff's brother, who was also detained in the facility, told Plaintiff that friends of Plaintiff's alleged victim were in the jail's A and C Dorms. Id. ¶ 13. He told Plaintiff to stay out of those dorms as it could be dangerous for him. Id. Plaintiff told Officer Jane Doe that he did not want to go into those dorms out of fear for his safety, and she said she would make sure he was not assigned to A or C Dorm. Id. ¶¶ 14-15.

On February 11, Plaintiff was released from his holding cell and placed into A Dorm. Id. ¶ 16. "[W]ithin a mere ten (10) minutes, he was assaulted by another inmate who sucker punched him knocking him unconscious." Id. Plaintiff went to the hospital and was diagnosed with a fractured right jaw. Id. ¶ 17. "As a result of not having received proper follow-up care due to his incarceration, Plaintiff will have to have his jaw re-broken and set." Id. ¶ 18.

Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging violations of his state and federal constitutional rights as well as state tort claims. Defendants Cumberland County, Cumberland County Jail, and Richard Smith (collectively "moving

defendants") move to dismiss the complaint.  ECF No. 6.  Plaintiff opposes.  ECF No. 11.

II. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal

citations and quotation marks omitted).  "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings."  Id. at 790.

III. DISCUSSION

Plaintiff alleges violations of the Fourth Amendment, Fifth Amendment, Eighth Amendment, the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 ("NJCRA"), and state tort law.  He also alleges Monell[1] liability against Cumberland County.

A.   Cumberland County Jail

Plaintiff agrees the claims against the Cumberland County Jail must be dismissed because it is not a "state actor" within the meaning of § 1983.  ECF No. 11 at 4.  Therefore, the Cumberland County Jail will be dismissed with prejudice.

B.   Fourth Amendment (Count Four)[2]

Plaintiff asserts "Defendants' actions constituted a violation of Plaintiff's federal and state constitutional rights against excessive force and intimidation as well as imprisonment where there is a substantial certainty of imminent harm, injury or death."  ECF No. 1 ¶ 21.

---

[1] Monell v. N.Y.C. Dep't of Social Services, 436 U.S. 658, 691 (1978).

[2] Counts One through Three are Plaintiff's jurisdiction, parties, and fact sections.

4

The Fourth Amendment protects against unreasonable searches and seizures and unreasonable force during an arrest. U.S. Const. amend. IV; Graham v. Connor, 490 U.S. 386, 395 (1989). Plaintiff's complaint does not allege violations of any of these rights protected by the Fourth Amendment; Plaintiff's opposition confirms that Count Four alleges a failure to protect. ECF No. 11 at 2. A failure to protect claim is more appropriately brought under the Fourteenth Amendment, which Plaintiff belatedly invokes in his opposition.

Plaintiff's reference to the Fourteenth Amendment is not in the complaint, and it is axiomatic that a complaint cannot be amended in the opposition papers. See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). The Court has an obligation to liberally construe pro se pleadings; this courtesy does not extend to pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). As there is no failure to protect claim under the Fourth Amendment, the Court will dismiss Count Four.[3]

---

[3] Count Four would be dismissed as to the moving defendants for the reasons noted infra even if the Court did construe it as raising a Fourteenth Amendment claim.

C.   Fifth Amendment (Count Five)

Plaintiff next alleges Defendants violated his Fifth Amendment Due Process right as "he was subjected to a risk of losing his life or liberty . . . ."  ECF NO. 1 ¶ 24.  "[T]he Fifth Amendment restricts the actions of federal officials, not state actors" such as the Defendants here.  Thomas v. East Orange Bd. of Educ., 998 F. Supp. 2d 338, 351 (D.N.J. 2014) (citing Nguyen v. U.S. Cath. Conf., 719 F.2d 52, 54 (3d Cir. 1983)).  Once again, Plaintiff's due process claim should be filed pursuant to the Fourteenth Amendment.

Plaintiff has alleged enough facts to state a Fourteenth Amendment due process claim against Officer Jane Doe for failure to protect.  However, he has not pled any facts that would permit this Court to infer liability on the part of the moving defendants.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  A supervisor may be liable for the actions of a subordinate if they "established and maintained a policy, practice or custom which directly caused the constitutional harm," or "participated in violating Plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced to" their subordinate's

violations.  A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 585 (3d Cir. 2004).

Plaintiff states Warden Richard Smith was the policy maker for the jail, but he does not indicate what polices created by Warden Smith led to Plaintiff's injuries.  ECF No. 1 ¶ 10.  His cursory invocation of "policies, practices, and customs" is insufficient to state a claim.[4]  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").  This claim will be dismissed as to the moving defendants.

D.    Eighth Amendment (Count Six)

Plaintiff's Eighth Amendment claim alleges that "Defendants knew that there was a substantial certainty of serious injury or death when they placed Plaintiff in a unit with known dangerous inmates who posed an imminent threat of harm and/or injury to him."  ECF No. 1 ¶ 28.[5]  The Eighth Amendment's prohibition on cruel and unusual punishments applies to convicted prisoners, not pretrial detainees.  To the extent Plaintiff has a claim, it is based on a violation of the Fourteenth Amendment.

---

[4] Plaintiff's claims against Cumberland County fail for similar reasons, as set forth in the discussion of Monell liability.

[5] Plaintiff's claim of denial of medical care is not included in any cause of action.  See ECF No. 1 ¶¶ 27-30.

Under the Fourteenth Amendment, pretrial detainees "may not be punished prior to an adjudication of guilt in accordance with due process of law." Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008) (internal quotation marks omitted). This analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." Id. at 233 (internal quotation marks omitted).

Plaintiff has not alleged any facts in the complaint that would suggest Warden Smith had a hand in creating punitive conditions. Plaintiff seems to concede this, stating: "it is not yet factually clear whether [Warden Smith] was made aware of Plaintiff's request not to be placed in A or C Dorms and what, if any, response he may have had thereto. In addition, Warden Smith may had had a policy of disregarding such requests by inmates and could be responsible under said policy." ECF No. 11 at 3. In the absence of any facts regarding Warden Smith's responsibility, the claims must be dismissed.

E.   New Jersey Civil Rights Act (Count Seven)

The NJCRA provides, in pertinent part, a private cause of action to

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the

8

> United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law.

N.J.S.A. 10:6-2(c). "This district has repeatedly interpreted NJCRA analogously to § 1983." Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (citing cases).

The Court has concluded that the complaint has not stated a claim against the moving defendants under § 1983. "The Court cannot find, nor has Plaintiff provided, any citations to any New Jersey court decisions that permit a finding of municipal liability based on respondeat superior for claims brought under the New Jersey Constitution and the NJCRA." Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289, 298 (D.N.J. 2012). As neither the NJCRA nor § 1983 permits claims based on a respondeat superior theory of liability and there are no facts in the complaint from which the Court can infer direct liability, the NJCRA claims against the moving defendants will be dismissed as well.

F.  Municipal Liability (Count Eight)

Plaintiff also seeks relief from Cumberland County. "There is no respondeat superior theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the

9

actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) (citing Monell v. N.Y.C. Dep't of Social Services, 436 U.S. 658, 691 (1978)). See also Collins v. City of Harker Heights, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer.").

To state a Monell claim, Plaintiff must plead facts showing that the relevant Cumberland County policymakers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Kirkland v. DiLeo, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

Plaintiff states Cumberland County failed to train, supervise, investigate, or discipline the officers at the county

10

jail.  ECF No. 1 ¶¶ 36-37.  Failure-to-train and failure-to-supervise claims "are generally considered a subcategory of policy or practice liability."  Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds sub nom. Taylor v. Barkes, 575 U.S. 822 (2015).  Plaintiff must identify a supervisory policy or practice that Cumberland County failed to employ, and provide sufficient facts that, if true, would show: "(1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure."  Id. at 317 (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)).

None of these required facts are present in the complaint.  Plaintiff appears to acknowledge this absence of facts: "it is still unclear whether the Defendant municipality here involved incorporated a custom or practice of placing inmates in a dangerous or precarious situation when being transferred from one dorm to another."  ECF No. 11 at 3.  "The same goes for whether the Defendant municipality had a custom or practice of failing to provide necessary medical care when appropriate."

11

Id. The Court will dismiss the Monell claim as Plaintiff has not pled any facts to support it.

G.  State Tort Claims (Counts Nine and Ten)

Counts Nine and Ten allege negligence and "state torts," respectively. As the Court is dismissing all the federal claims against the moving defendants, it will decline to exercise supplemental jurisdiction over Counts Nine and Ten. 28 U.S.C. § 1367(c)(3).

IV. CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted. The Cumberland County Jail will be dismissed as a defendant with prejudice. Cumberland County and Warden Smith will be dismissed as defendants without prejudice. Fed. R. Civ. P. 12(b)(6). Plaintiff may file a motion to amend his complaint within 30 days; otherwise, the dismissal shall convert to a dismissal with prejudice.

An appropriate Order follows.


Dated: December 14, 2020              s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.